IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00896-BNB

ALEMAYEHU GETACHEW,

    Plaintiff,

v.

GOOGLE, INC., and
WELTER LAW FIRM, P.C.,

    Defendants.

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Alemayehu Getachew, initiated this action by filing *pro se* a complaint (ECF No. 1). The court must construe the complaint liberally because Mr. Getachew is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Getachew will be ordered to file an amended complaint if he wishes to pursue his claims in this action.

    The court has reviewed the complaint and finds that the complaint does not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of*

*Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Getachew fails to provide a short and plain statement of his claims showing that he is entitled to relief. Mr. Getachew's claims in this action are premised on his contention that Defendants have adversely affected his employment opportunities with unnamed and unidentified employers by posting online a copy of a court order dismissing an employment discrimination complaint Mr. Getachew filed against his former employer in *Getachew v. 7-Eleven*, 02-cv-02218-RPM-PAC (D. Colo. Dec. 15, 2004), *aff'd*, 151 F. App'x 626 (10th Cir. 2005). Mr. Getachew specifically asserts federal claims pursuant to 42 U.S.C. § 1981 and the Thirteenth Amendment to the United States Constitution. He also asserts state law claims alleging negligence, intentional infliction of emotional distress, and unjust enrichment.

The fundamental flaw with Mr. Getachew's complaint is that he fails to allege specific facts in support of the claims he is asserting in this action. In other words, Mr. Getachew fails to allege facts to support the specific elements of the claims he is

asserting.  *See Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (!0th Cir. 2001) (discussing elements of § 1981 claim); *United States v. Kozminski*, 487 U.S. 931, 942-44 (1988) (discussing the Thirteenth Amendment); *Bullock v. Wayne*, 623 F. Supp.2d 1247, 1252 (D. Colo. 2009) (discussing elements of negligence claim under Colorado law); *Lee v. Colorado Times, Inc.*, 222 P.3d 957, 966-67 (Colo. App. 2009) (discussing elements of intentional infliction of emotional distress claim under Colorado law); *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1007 (Colo. 2008) (discussing elements of unjust enrichment claim under Colorado law).  Instead of providing factual allegations pertinent to the claims he is asserting, Mr. Getachew makes conclusory assertions that his rights have been violated supported by unnecessary legal argument.  An example of the lack of pertinent and necessary factual allegations is Mr. Getachew's failure to allege in support of his Thirteenth Amendment claim how he has been subjected to involuntary servitude by either of the named Defendants.

Therefore, Mr. Getachew will be ordered to file an amended complaint that complies with the pleading requirements of Rule 8 if he wishes to pursue his claims in this action.  In order to state a claim in federal court, Mr. Getachew "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Accordingly, it is

ORDERED that Mr. Getachew file, **within thirty (30) days from the date of this order**, an amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that Mr. Getachew shall obtain the appropriate court-approved Complaint form, with instructions, at www.cod.uscourts.gov. It is

FURTHER ORDERED that, if Mr. Getachew fails within the time allowed to file an amended complaint that complies with this order, the action will be dismissed without further notice.

DATED April 13, 2012, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge