IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00896-BNB

ALEMAYEHU GETACHEW,

    Plaintiff,

v.

GOOGLE, INC.,

    Defendant.

## ORDER OF DISMISSAL

    Plaintiff, Alemayehu Getachew, initiated this action by filing *pro se* a Complaint (ECF No. 1). On April 13, 2012, Magistrate Judge Boyd N. Boland ordered Mr. Getachew to file an amended complaint that complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. On April 24, 2012, Mr. Getachew filed an Amended Complaint (ECF No. 8).

    Mr. Getachew has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action. Pursuant to § 1915(e)(2)(B)(i), the Court must dismiss the action if the claims asserted in the Amended Complaint are frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). Pursuant to § 1915(e)(2)(B)(iii), the Court must dismiss any claims in which Mr. Getachew is seeking monetary relief from a defendant who is immune from such relief. For the reasons stated below, the Court will

dismiss the Amended Complaint pursuant to § 1915(e)(2)(B)(i) & (iii).

The Court must construe the Amended Complaint liberally because Mr. Getachew is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not be an advocate for a *pro se* litigant. *See id.*

Mr. Getachew asserts four claims in the Amended Complaint alleging that his rights have been violated because certain information is available when he enters all or a portion of his name in the Internet search engine available on Defendant's website. Mr. Getachew's first three claims relate to the availability of a December 2004 order entering summary judgment against him in an employment discrimination case Mr. Getachew filed against his former employer. *See Getachew v. 7-Eleven*, No. 02-cv-02218-RPM-PAC (D. Colo. Dec. 15, 2004), *aff'd*, 151 F. App'x 626 (10th Cir. 2005). Despite the fact that the court order in question is a public record, Mr. Getachew contends that his rights have been violated for the following reasons:

> 6. The Google, Inc. posted the United States District Judge Richard P. Matsch's decision (that was filed on December 15, 2004) on Google's web page, including the District Judge Matsch's actual signature and Plaintiff's actual home address on Google world wide web page for everyone to see.
>
> 7. If the user enters the first three letters of this Plaintiff's first or last name (Ale or Get, for Alemayehu Getachew), it

> displays a drop[-]down list and then the Court's actual decision. It is equipped with such technology for very quick viewing.
>
> 8. By making this information easily accessible, the Defendants [sic] gave the Plaintiff a negative job reference to hiring managers without those managers even asking, thus hindering Plaintiff's employment opportunities.

(ECF No. 8 at 2.) The three specific claims Mr. Getachew asserts based on the online availability of Judge Matsch's order dismissing his 2002 Title VII action are race and color discrimination in violation of 42 U.S.C. § 1981 (claim one), retaliation under Title VII of the Civil Rights Act of 1964 (claim two), and negligence (claim three).

Mr. Getachew's fourth claim in the amended complaint, although difficult to understand, relates to a different online search result:

> 33. Captured in December 12, 2010; it states as topic "Graduate position available in evolutionary systems biology.." and then it says "Alemayehu Getachew on May 15th 2009 2:46 I am Alemayehu. . ." The Defendant publicly humiliated, harassed, and intimidated this vulnerable Plaintiff using their economic power.

(ECF No. 8 at 7-8.) Mr. Getachew's claim based on this search result is asserted as a claim for intentional infliction of emotional distress.

Mr. Getachew's allegations in the Amended Complaint do not support an arguable claim against Defendant. In order to establish a prima facie case of discrimination under § 1981, Mr. Getachew must allege that: (1) he is a member of a protected class; (2) Defendant had the intent to discriminate on the basis of race; and (3) the discrimination interfered with a protected activity as defined in § 1981. *See Hampton v. Dillard Dept. Stores, Inc.*, 247 F.3d 1091, 1101-02 (10th Cir. 2001). The activities protected in § 1981 include "the making, performance, modification, and

termination of contracts and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship." 42 U.S.C. § 1981(b).

Mr. Getachew alleges he is a member of a protected class. However, he cannot demonstrate that Defendant intended to discriminate based on race or that Defendant interfered with any prospective employment contract merely because access to a public record is available through an Internet search engine on Defendant's website. As a result, the Court finds that the § 1981 is legally frivolous and must be dismissed.

Mr. Getachew's Title VII retaliation claim also lacks merit. Title VII "makes it unlawful for an employer to retaliate against an employee 'because he has opposed any practice made an unlawful employment practice by this subchapter.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (quoting 42 U.S.C. § 2000e-3(a)). More specifically, Title VII provides that "[i]t shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment . . . because he has opposed any practice made an unlawful employment practice . . ." 42 U.S.C. § 2000e-3(a). Although Mr. Getachew alleges that Defendant is an employer, his Title VII retaliation claim must be dismissed because he does not allege the existence of an employer-employee relationship with Defendant. In other words, he does not allege that he was employed by Defendant or that he applied for a job with Defendant.

Mr. Getachew's state law tort claims also must be dismissed because "47 U.S.C. § 230 creates a federal immunity to any state law cause of action that would hold computer service providers liable for information originating with a third party." *Ben Ezra, Weinstein, & Company, Inc., v. America Online, Inc.*, 206 F.3d 980, 984-85 (10th

Cir. 2000).  Pursuant to 47 U.S.C. § 230(c)(1), "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider."

"The elements required for Section 230(c) immunity are: (1) that the defendant is a provider or user of an 'interactive computer service;' (2) that the asserted claims treat the defendant as the publisher or speaker of the information; and (3) that the information is provided by another 'information content provider." *Parker v. Google, Inc.*, 242 F. App'x 833, 838 (3d Cir. 2007).  An "interactive computer service" is defined as "any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet . . . ."  47 U.S.C. § 230(f)(2).  An "information content provider" is defined as "any person or entity that is responsible, in whole or in part, for the creation or development of information provided through the Internet or any other interactive computer service."  47 U.S.C. § 230(f)(3).  "Taken together, these provisions bar state-law plaintiffs from holding interactive computer service providers legally responsible for information created and developed by third parties." *Nemet Chevrolet, Ltd., v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 254 (4th Cir. 2009); *see also Johnson v. Arden*, 614 F.3d 785, 791 (8th Cir. 2010) (same). "Congress thus established a general rule that providers of interactive computer services are liable only for speech that is properly attributable to them." *Id.*

Notably, Mr. Getachew does not allege that Defendant created or developed the information he contends is detrimental to his employment opportunities or humiliating to him.  Instead, he seeks to hold Defendant liable because the search results in question

are available through the Internet search engine on Defendant's website.  Under these circumstances, it is clear that Mr. Getachew's state law tort claims also must be dismissed because those claims are barred by the immunity established in § 230(c).

For these reasons, the entire action will be dismissed.  Furthermore, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Plaintiff files a notice of appeal he also must pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.  Accordingly, it is

ORDERED that the Complaint the Amended Complaint, and the action are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied without prejudice to the filing of a motion seeking leave to proceed *in forma pauperis* on appeal in the United States Court of Appeals for the Tenth Circuit.

DATED at Denver, Colorado, this  17th  day of    May         , 2012.

BY THE COURT:

    s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court